UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY C. FREDERICK ET AL.   CIVIL ACTION

VERSUS         NO. 09-7497

INTERCONTINENTAL HOTELS   MAGISTRATE JUDGE
GROUP RESOURCES, INC.    JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

This is a personal injury case originally brought in Civil District Court for the Parish of Orleans, State of Louisiana, by pro se plaintiffs, Anthony C. Frederick and Jacqueline A. Frederick, against InterContinental Hotels Group Resources, Inc. ("InterContinental"), the owner of the StayBridge Suites (the "Hotel") in downtown New Orleans, Louisiana.  Plaintiffs allege in their Petition for Damages and Amendment to Petition for Damages that they checked into the Hotel on September 9, 2008 and that, as a result of defendant's negligence, Mrs. Frederick came into contact with the MRSA bacteria[1] during their stay, which caused both plaintiffs to suffer physical injuries, mental anguish and loss of consortium.  InterContinental removed the action to this court based on diversity of citizenship jurisdiction.  Record Doc. No. 1, Notice of Removal; Record Doc. No. 1-2, Petition for Damages and Amendment to Petition for Damages.

---

[1] "'MRSA' stands for Methicillin Resistant Staphylococcus Aureus." Record Doc. No. 25-7, Defendant's Exh. 4, affidavit of Susan McLellan, M.D., M.P.H., at p. 3 n.1.

InterContinental filed a Motion for Summary Judgment, supported by excerpts from the depositions of both plaintiffs and by the sworn affidavits of Darrius Gray, the General Manager of the Hotel since February 2008, and Susan McLellan, M.D., M.P.H., a board-certified specialist in infectious disease and internal medicine who practices at Tulane University School of Medicine.  Record Doc. No. 25.  I ordered plaintiffs to respond in writing to defendant's motion, with supporting affidavits or other evidentiary materials that set forth specific facts demonstrating the presence of a genuine issue of material fact for trial, no later than January 14, 2011.  Record Doc. No. 26.

No memorandum in opposition to defendant's motion for summary judgment was timely submitted.  However, the court received a letter from plaintiffs on January 24, 2011, stating that they had been traveling out of state from January 5 through 23, 2011, and had received defendant's motion for summary judgment and the court's order when they returned on that date.  They requested an extension of time to respond, Record Doc. No. 27, which defendant did not oppose.  The court granted an extension of time until February 4, 2011 for plaintiffs to file their opposition, reiterating in the order that plaintiffs must support their allegations with affidavits or other evidentiary materials that set forth specific facts demonstrating the presence of a genuine issue of material fact for trial.  Record Doc. No. 28.

Plaintiffs filed a timely opposition memorandum, arguing that several of the facts in defendant's Statement of Undisputed Material Facts are contested.  Plaintiffs attached 27 pages of exhibits, including one sworn affidavit of a witness and other unsworn, unverified documents, consisting of printouts from several Internet websites and a copy of a brochure from Tulane University Hospital, which concern MRSA generally; a letter dated September 12, 2008 from a physician who saw Mrs. Frederick on that date; a report of Mrs. Frederick's laboratory test results from a specimen collected on the same date; e-mail correspondence between plaintiffs and the hotel; and letters from plaintiffs to defendant's counsel.  Record Doc. No. 29-1.

Although plaintiffs' memorandum is not in affidavit form, it is signed by both of them pursuant to Fed. R. Civ. P. 11.  The court will assume, solely for purposes of the pending motion, that plaintiffs would attest to the same <u>facts</u> in affidavit form and that the unsworn documents attached to their memorandum could be verified, if plaintiffs were ordered to do so.  The court will therefore consider the <u>factual</u> allegations in and the exhibits to plaintiffs' memorandum, to the extent that they are otherwise relevant and admissible.  Any conclusory allegations or argument in the memorandum that is not supported by <u>evidence</u> will not be treated as <u>facts</u>.  The letters from plaintiffs to defendant's counsel are clearly irrelevant to any material fact in dispute.

InterContinental received leave to file a reply memorandum.  Record Doc. Nos. 30, 31, 32.

Having considered the complaint, as amended, the record, the submissions of the parties and the applicable law, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED, for the following reasons.

I.      FACTUAL BACKGROUND

The competent summary judgment evidence, including plaintiffs' own deposition testimony, and the undisputed <u>factual</u> allegations of plaintiff's opposition memorandum and admissible exhibits establish the following undisputed facts.  Mr. and Mrs. Frederick stayed at the Hotel from September 9 through September 15, 2008.  According to the laboratory test results submitted by plaintiffs, Mrs. Frederick was diagnosed with MRSA on September 19, 2008, based on a sample taken on September 12, 2008 at the order of Raul Llanos, M.D.  Plaintiffs' complaint states that Mr. Frederick was diagnosed with the disease at some later date, which is not in the record.

During their stay at the Hotel, neither plaintiff noticed any unsanitary conditions in the lobby, check-in area or hallway leading from the elevator to their room.  The only unsanitary condition that they noticed in any common area of the hotel was a "funky type" odor in the elevator.

When they entered their assigned room after checking in, plaintiffs noticed that the sink in the kitchen area was dirty, with a dried substance that had collected around the drain and a sour odor.  Plaintiffs also noticed that the bathtub was dirty, as if it had been used but not cleaned.  They spoke to a housekeeping employee of the hotel, who provided them with cleaning supplies to use until she could find time to return to the room.  Mrs. Frederick cleaned the sink and Mr. Frederick cleaned the bathtub before either plaintiff used them.  The dried substance in the sink and the dirt in the bathtub did not touch either plaintiff's skin.

Neither plaintiff identified any other unsanitary condition in their room during their stay and neither complained to anyone at the hotel about any other unsanitary condition.  Plaintiffs did not request to be moved to another room.  Although they allege in their opposition memorandum that no other room was available because the hotel was full with evacuees from Hurricanes Gustav and Ike, plaintiffs have no personal knowledge whether another room might have been available for them because they admittedly did not ask.

Plaintiffs also allege in their opposition memorandum that they "made the Front Desk and Housekeeping personnel aware we needed our room cleaned.  We were informed that Housekeeping was operating short staffed due to the fact that a number of hotel employees had evacuated for Hurricanes Gustav and Ike and had not returned and

reported for work."  Record Doc. No. 29 at p. 1.  According to their memorandum, the conditions plaintiffs "identified pertaining to their room were not only the sink and bathtub but the absence of housekeeping personnel maintaining a standard of Environmental Hygiene especially pertaining to bed linen and towel, bathroom facilities, and kitchenette area."  Id. at p. 2, Material Fact No. 6.  Plaintiffs state that, "[a]fter complaints to housekeeping employees for room cleaning services, we were supplied, at our request with cleaning materials to clean our own room."  Id. at p. 2, Material Fact No. 7.

In support of their allegations, plaintiffs have provided the affidavit of Chandra Williams dated July 15, 2010.  Williams avers that she was a guest at the Hotel "during the evacuation for Hurricane Gustav in September of 2008 at the same time [that] Mr. and Mrs. Frederick were staying at Staybridge Suites Hotel" and that she "witnessed the condition and lack of disciplined housekeeping and maintenance."  Williams states that, "[w]hile staying at the hotel my family and I had to sweep our own room, bathroom and change our own linen because there was no one available for room service."  Record Doc. No. 29, at p. 3.

The affidavit of Dr. McLellan, Record Doc. No. 25-7, Defendant's Exh. 4, establishes that she is a specialist who has been practicing in the fields of internal medicine and infectious disease medicine for more than ten years, has diagnosed and

6

treated more than 100 patients for MRSA infections and, for purposes of this affidavit, reviewed the medical literature regarding the transmission and causes of an MRSA infection. Her affidavit establishes that MRSA is usually transmitted by physical contact with the skin of an individual who is colonized or infected with MRSA. A person can become infected by touching another person who has MRSA on their skin or by coming in physical contact with a contaminated object or surface, such as a towel, bandage or razor, that has come in contact with the skin of the individual who is colonized or infected with MRSA.

Dr. McLellan's affidavit also establishes that MRSA is most likely to cause infection in people who have open cuts or wounds. When plaintiffs checked into the Hotel, neither of them had any open sores or cuts.

Plaintiffs have submitted the letter of Dr. Llanos, who, according to his letterhead, is board-certified in obstetrics and gynecology, urgent care medicine, medical hypnosis and holistic medicine. The letter, addressed to whom it may concern and dated September 12, 2008, states that Dr. Llanos saw Mrs. Frederick on that date and that "she has a skin condition that could be contagious. I do not recommend public shelter conditions . . . ." He does not diagnose MRSA in the letter, nor does he provide any opinion about what caused Mrs. Frederick's skin condition, which was diagnosed as MRSA by lab test results on September 19, 2008.

II.    <u>STANDARDS FOR SUMMARY JUDGMENT</u>

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court <u>shall grant</u> summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).  Although Rule 56 was revised effective December 10, 2010, "the standard for granting summary judgment remains unchanged."  <u>Federal Civil Judicial Procedure and Rules</u>, 2010 Amendments Advisory Committee Notes, at 265 (West 2010 rev. ed. pamph.) (hereafter "Advisory Committee Notes").

Nonetheless, the revised rule establishes new procedures for supporting factual positions:

> A party asserting that a fact cannot be or is genuinely disputed <u>must support the assertion by</u>:
> (A) <u>citing to particular parts of materials in the record</u>, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c) (emphasis added).

Thus, the moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuine disputed material fact,

but it is not required to negate elements of the nonmoving party's case. <u>Capitol Indem. Corp. v. U.S.</u>, 452 F.3d 428, 430 (5th Cir. 2006) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact." Advisory Committee Notes, at 265.

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. <u>Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the essential elements of its claim. <u>Id.</u> (citing <u>Celotex</u>, 477 U.S. at 321-23). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." <u>Celotex</u>, 477 U.S. at 323; <u>accord</u> <u>Capitol Indem. Corp.</u>, 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy

9

exists." <u>Edwards v. Your Credit, Inc.</u>, 148 F.3d 427, 432 (5th Cir. 1998); <u>accord</u> <u>Murray v. Earle</u>, 405 F.3d 278, 284 (5th Cir. 2005).  "<u>We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts</u>." <u>Badon v. R J R Nabisco Inc.</u>, 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original).  "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can] not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" <u>Nat'l Ass'n of Gov't Employees</u>, 40 F.3d at 713 (quoting <u>Anderson</u>, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in <u>any</u> case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); <u>accord</u> <u>Duron v. Albertson's LLC</u>, 560 F.3d 288, 291 (5th Cir. 2009).

III.    <u>NO GENUINE DISPUTE OF MATERIAL FACT</u>

Plaintiffs allege that InterContinental's negligent failure to maintain a clean and sanitary environment in the Hotel permitted Mrs. Frederick to come in contact with and become infected by the MRSA bacteria, and that Mr. Frederick subsequently became

infected with the same bacteria.  Record Doc. No. 1-2, Amendment to Petition for Damages, at ¶¶ III, IV, V.  Defendants argue in their motion for summary judgment that plaintiffs cannot prove the essential elements of a cause of action under either Louisiana Civil Code article 2315, which provides a cause of action against a negligent person, or article 2317.1, which provides a cause of action against a negligent owner of property when the property causes damages.

Article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  La. Civ. Code art. 2315(A). Article 2317.1 provides that the "owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."  La. Civ. Code art. 2317.1.

Therefore, as a matter of law,

[t]wo theories of liability are available to plaintiff, who is claiming injury caused by a thing's condition.  The first theory is negligence, under La. [Civ. Code] Art. 2315, and the second theory is strict liability under La. [Civ. Code] Art. 2317. FN2

> FN2.  La. [Civ. Code] art. 2317.1, added in 1996, . . . eliminated the distinction between the strict liability and negligence of the owner or custodian of property, by requiring a showing of knowledge or constructive knowledge in order to impose liability.

Stiebing v. Romero, 974 So. 2d 752, 756 (La. App. 5th Cir. 2007) (citing Wallace v.

Treasure Chest Casino, L.L.C., 920 So. 2d 251, 255 (La. App. 5th Cir. 2005); Dupree v.

City of New Orleans, 765 So. 2d 1002, 1007 n.5 (La. 2000)); see also Riggs v. Opelousas

Gen'l Hosp. Trust Auth., 997 So. 2d 814, 817 (La. App. 3d Cir. 2008) (The language in

"article 2317.1 that an owner is liable for damage 'only upon a showing that he knew or,

in the exercise of reasonable care, should have known of the ruin, vice, or defect' has

effectively turned it from a claim based upon strict liability to a claim grounded in

negligence."). "The analysis is therefore the same under either negligence or strict

liability." Reed v. Home Depot USA, Inc., 843 So. 2d 588, 591 n.1 (La. App. 2d Cir.

2003) (citation omitted).

To prove a negligence cause of action under Louisiana law, "three elements are

required: fault, causation and damages." Austin v. Abney Mills, Inc., 824 So. 2d 1137,

1148 (La. 2002). "Causation is an essential element of both theories of recovery" under

either Civil Code article 2315 or 2317.1. Crotwell v. Blythe, 769 So. 2d 1227, 1230 (La.

App. 1st Cir. 2000). The causation element is satisfied if the plaintiff proves that the

defendant's negligent action "was the cause-in-fact of the plaintiff's injuries." Wallmuth

v. Rapides Parish Sch. Bd., 813 So. 2d 341, 347 (La. 2002).

Thus, to establish defendant's fault, plaintiffs must prove

(1) that the thing which caused the damage was in the defendant's custody
or control, (2) that it had a vice or defect that presented an unreasonable

12

risk of harm, (3) that the defendant knew or should have known of the vice
or defect, (4) that the damage could have been prevented by the exercise of
reasonable care, and (5) that the defendant failed to exercise such
reasonable care.  If the plaintiff fails to provide proof [of] any one of these
elements, his/her claim fails.

Riggs, 997 So. 2d at 817 (emphasis added); accord Dufrene v. Gautreau Family, LLC,

980 So. 2d 68, 80 (La. App. 5th Cir. 2008); Greenhouse v. C.F. Kenner Assocs. Ltd.

P'ship, 723 So. 2d 1004, 1007 (La. App. 4th Cir. 1998).

InterContinental argues that plaintiffs cannot prevail under either article 2315 or

article 2317.1 because they have no evidence (1) that any vice or defect existed in the

Hotel or (2) that defendant knew or should have known of any vice or defect.

InterContinental also argues that plaintiffs cannot prove that the conditions that they

identified as unsanitary caused them any injury.  To defeat defendant's summary

judgment motion, Mr. and Mrs. Frederick must cite to particular materials in the record,

i.e., admissible evidence, to support all of the essential elements of their claims.

It is undisputed that "the thing" in this case, the Hotel, was in the defendant's

custody or control.  However, plaintiffs have failed to carry their burden under Rule 56

to present evidence that creates a genuine dispute of material fact as to the other elements

of their claim.

First, plaintiffs have not produced any evidence to show that any vice or defect in

the Hotel presented an unreasonable risk of harm.  "In determining whether a defect or

unreasonable risk of harm is present, the jurisprudence notes that the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." Jackson v. Gardiner, 785 So. 2d 981, 985 (La. App. 2d Cir. 2001) (citing Entrevia v. Hood, 427 So. 2d 1146, 1149 (La.1983); Penton v. Schuster, 732 So. 2d 597 (La. App. 5th Cir. 1999)).  Although the presence of a "funky odor" in the elevator and of dirt in the sink and bathtub of plaintiffs' hotel room may have been offensive to the senses, there is no evidence in the record to show that these conditions presented a dangerous condition or an unreasonable risk of harm to plaintiffs.

Second, plaintiffs have not proffered any evidence that InterContinental knew or should have known of the vice or defect, if one existed, before plaintiffs arrived at the Hotel.  The affidavit of the Hotel's manager, Gray, establishes that defendant had not received any prior complaints about the odor in the elevator or the condition of the sink and bathtub in plaintiffs' room, nor had defendant received any notice of a connection between the conditions of which plaintiffs complain and the possibility of MRSA bacteria.  Plaintiffs' own complaint to defendant and the Hotel, months after they stayed there, that they believed they contracted MRSA at the Hotel, did not provide defendant with any prior notice of such allegedly unsanitary conditions and does not create a disputed material fact.  Record Doc. No. 29-1, at pp. 10-11.

Plaintiffs testified that, when they complained about the dirty condition of the sink and bathtub, they were given cleaning supplies, which they used to remedy the situation, and that their skin did not come into contact with any of the identifiable dirt.  They confirm in their opposition memorandum that, after they complained to housekeeping employees of a need for room cleaning, they were supplied with cleaning materials to clean their room.  They also state that Hotel employees explained to them that the Hotel was short-staffed because of the hurricanes.  The condition of Williams's room during her stay at the Hotel is not directly relevant to the condition of plaintiffs' room, and Williams does not assert that she was infected with MRSA.  However, she similarly states in her affidavit that she was able to sweep and change the linens in her own room.  Thus, although the level of housekeeping service may not have been what one would expect from a hotel under ordinary conditions, plaintiffs' own evidence shows that the conditions created by the hurricanes were not ordinary and, more importantly, that they received cleaning materials from the Hotel and they cleaned the bathtub and kitchen sink before they used those facilities.  Plaintiffs have presented <u>no evidence</u> to show that the Hotel's actions when it was notified of the allegedly unsanitary conditions in their room was not an exercise of reasonable care.

Finally, plaintiffs have not come forward with any admissible evidence that the defect in their room, if one existed, caused their infections.  The affidavit of defendant's

expert, Dr. McLellan, establishes that MRSA bacteria "is normally found on human skin or mucous membranes," but it does not cause an infection unless it "passes the skin barrier."   A person who carries the bacteria, which "is frequently found in the nasal passages, underarms and groin area," without having any related disease is "said to be colonized with the organism" and "may carry the bacteria  for months before transmitting it to someone who develops an infection, or before developing an infection themselves. In documented outbreaks, the incubation period (i.e., the period between exposure to the organism and development of an obvious infection) has been found to be approximately from 4 to 14 days."   Record Doc. No. 25-7, Defendant's Exh. 4, affidavit of Susan McLellan, M.D., M.P.H., at ¶ 6.

> Dr. McLellan's affidavit also establishes that
>
> MRSA is usually transmitted by **physical contact** with the skin of an individual who is colonized or infected with MRSA.  One can become infected by touching another person who has it on their skin or by coming in physical contact with a contaminated object or surface, such as a towel, bandage or razor, that has come in contact with the skin of the individual who is colonized or infected with MRSA.

Id. at ¶ 7 (emphasis in original).  "It is generally accepted that MRSA is not usually transmitted directly from the environment, for example from water, soil, air, or inanimate objects, unless the object has been in direct contact with a person who carries MRSA. Outbreaks have not been associated with water sources."  Id. at ¶ 8.

16

Dr. McLellan further states that "MRSA is most likely to cause infection in people who have open cuts or wounds." Id. at ¶ 9. Both plaintiffs testified, and confirmed in their opposition memorandum, that they had no open cuts, sores or lesions when they checked into the Hotel on September 9, 2008.

Dr. McLellan, who reviewed the medical records and depositions of both plaintiffs, opines that, "[t]o a reasonable degree of medical probability," neither plaintiff's MRSA condition was caused by any condition that they described as existing in the Hotel during their stay. Specifically, "neither the substance in the sink, the dirt in the bathtub, nor the odor in the elevator that [plaintiffs] described caused the MRSA infection." Id. at ¶¶ 11, 12. Furthermore, Dr. McLellan opines that,

> [w]ithout reports of similar MRSA infections linked to the Staybridge Suites by either time or molecular typing of MRSA strains, there is no epidemiologic evidence to support the Staybridge Suites as the source of the infections acquired by Mr. and Mrs. Frederick. In my opinion, it is extremely unlikely that the MRSA infection was acquired due to conditions present at the hotel during their stay at the Staybridge Suites as described by Mr. and Mrs. Frederick.

Id. at ¶ 13.

Dr. McLellan's findings and opinions about causation are unrebutted by any evidence. The general information about MRSA contained in the materials printed from Internet sources and the Tulane University brochure that plaintiffs submitted are

17

inadmissible because they are unauthenticated, Fed. R. Evid. 901(a), and, even if they were authenticated, are hearsay.[2]  Fed. R. Evid. 801(c), 802.

Thus, plaintiffs have "failed to adduce sufficient evidence to create a genuine issue of material fact as to the essential element of causation. . . .  Their speculation as to what caused the [infections] cannot supply the factual support necessary to show that the plaintiff[s] would be able to meet [their] evidentiary burden at trial.  In short, there is no genuine issue of material fact" in dispute.  Reed v. Home Depot USA, Inc., 843 So. 2d 588, 591 (La. App. 2d Cir. 2003) (citing Babin v. Winn-Dixie La. Inc., 764 So.2d 37 (La. 2000)).

Plaintiffs have failed to carry their burden to come forward with evidence to support every essential element of their claims.  The "conclusory allegations" of their Amendment to Petition for Damages, "unsupported by specific facts . . . will not prevent the award of summary judgment."  Nat'l Ass'n of Gov't Employees, 40 F.3d at 713.  InterContinental is entitled to summary judgment in its favor as a matter of law.

---

[2]The article entitled "Hotel Hygiene:  Is Your Hotel Making You Sick?" is also inadmissible because it is irrelevant.  Fed. R. Evid. 401, 402.  The practices of employees of an unnamed hotel in Atlanta, Georgia on an unspecified date, whose actions are not shown to be similar in any way to the practices of employees at the defendant's Hotel on a relevant date, and the general opinion of a purported physician with unknown qualifications that staph infections can be spread by the incorrect hygiene practices observed in the article, do not "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of the [instant] action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED and that plaintiffs' claims are DISMISSED WITH PREJUDICE, plaintiffs to bear all costs of this proceeding. Judgment will be entered accordingly.

New Orleans, Louisiana, this ____14th____ day of February, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE